Nicholas M. Wajda (Cal. Bar No. 259178 )
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FREDDY ANGUIANO, individually, and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>SEQUIUM ASSET SOLUTIONS, LLC,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692** *et seq.*<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788** *et seq.*<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES**, FREDDY ANGUIANO, individually, and on behalf of all others similarly situated, through counsel, WAJDA LAW GROUP, APC, complaining of SEQUIUM ASSET SOLUTIONS, LLC, as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for SEQUIUM ASSET SOLUTIONS, LLC's violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

1

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. FREDDY ANGUIANO ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Visalia, California.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1788.2(h).

8. SEQUIUM ASSET SOLUTIONS, LLC ("Defendant") is a professional limited liability company organized under the laws of Georgia.

9. Defendant maintains its principal place of business at 1130 Northchase Parkway SE, Suite 150, Marietta, Georgia 30067.

10. Defendant specializes in debt collection and collects debts on behalf of others nationwide.

11. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

**FACUTAL ALLEGATIONS**

12. Years ago, Plaintiff obtained a personal credit card through Credit One Bank, N.A. ("Credit One").

13. Plaintiff made various charges for personal purposes on the Credit One credit card, amassing a balance.

14. Due to unforeseen financial difficulties, Plaintiff fell behind on his monthly payments to Credit One.

15. Eventually, Plaintiff's account fell into default status with an unpaid balance ("subject debt").

16. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

17. Shortly thereafter, LVNV Funding LLC purchased the subject from Credit One and placed the subject debt with Defendant for collection.

18. On December 10, 2019, Defendant sent Plaintiff a dunning letter in an attempt to collect the subject debt ("Collection Letter").

19. The Collection Letter stated, in part, as follows:

INTENTIONALLY LEFT BLANK

3







20. The Collection Letter proposed to resolve the subject debt for 50% of the total balance of $608.48.

21. Specifically, the Collection Letter stated:

4

> "We have a very special offer to resolve your unpaid balance with our client. We are willing to settle your account for 50% of the balance due as stated above."

22. The Collection Letter created a false sense of urgency to pay because it implied that the offer to settle the subject debt for 50% of the balance would expire imminently.

23. However, Defendant's 50% offer to settle the subject debt was (1) perpetual and (2) extended to thousands of similarly situated consumers, and thus was by no means a "Special Settlement Offer."

24. As a result of the language contained in the Collection Letter, Plaintiff was misled into believing that the "Special Settlement Offer" would expire imminently, thus creating a false sense of urgency to accept the offer before it expired.

25. Defendant deliberately designed the language contained in the Collection Letter to create a false sense of urgency and coerce Plaintiff into making a prompt payment on the subject debt to avoid missing out on the "Special Settlement Offer."

## CLASS ALLEGATIONS

26. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

27. Plaintiff brings this action pursuant to and Fed. R. Civ. P. 23, individually, and on behalf of all others similarly situated ("Putative Class").

28. The Putative Class is defined as follows:

> All natural persons residing in the State of California (a) that received a correspondence from Defendant containing similar settlement offer language highlighted in Paragraph 21; (b) within the one (1) year preceding the date of this complaint through the date of class certification; and (c) in connection with the collection of a consumer debt owed to LVNV Funding LLC.

29. The following individuals are excluded from the Putative Class: (1) any Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a

controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.  Numerosity:**

30.  Upon information and belief, Defendant mailed thousands of similar letters to consumers nationwide.

31.  The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

32.  Members of the Putative Class can be objectively identified from records of Defendant to be gained in discovery.

**B.  Commonality and Predominance:**

33.  There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

**C.  Typicality:**

34.  Plaintiff's claims are representative of the claims of other members of the Putative Class.

35.  Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

**D.  Superiority and Manageability:**

36.  This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

37. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

38. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

39. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.    Adequate Representation:**

40. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

41. Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

42. Plaintiff has retained competent and experienced counsel with substantial experience in consumer law.

**CLAIMS FOR RELIEF**
**Count I – Violations of Sections 1692e and e(10) of the FDCPA**
**(On behalf of Plaintiff, individually, and the Members of Putative Class)**

43. Plaintiff restates and incorporates all paragraphs as if fully set forth herein.

44. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

45. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collet any debt. 15 U.S.C. § 1692e(10).

46. The Collection Letter violated 15 U.S.C. §§1692e and e(10) by falsely implying that the "Special Settlement Offer" is open for a limited amount of time when in reality it was open perpetually and was in no way unique to Plaintiff and the Putative Class Members.

47. Specifically, the Collection Letter was misleading because Defendant's 50% offer to settle the subject debt was extended to thousands of similarly situated consumers, and thus was by no means a "*Special* Settlement Offer." (emphasis added).

48. As a result of the language contained in the Collection Letter, Plaintiff was misled into believing that the "Special Settlement Offer" was unique to him and would expire imminently, thus creating a false sense of urgency to make payment in the offered amount before the offer expired.

49. As the Seventh Circuit in *Evory v. RJM Acquisitions Funding, L.L.C.,* 505 F.3d 769, 775 (7th Cir. 2007) eloquently explained:

> "There is nothing improper about making a settlement offer. The concern is that unsophisticated consumers may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount; for the offers are in the idiom of limited-time or one-time sales offers, clearance sales, going-out-of-business sales, and other temporary discounts. In fact debt collectors, who naturally are averse to instituting actual collection proceedings for the often very modest sums involved in the consumer debt collection business, frequently renew their offers if the consumer fails to accept the initial offer." *Id.*

50. Notably, the Collection Letter did not contain judicially created safe harbor language pertaining to settlement offers by debt collectors such as "[w]e are not obligated to renew any offers provided," which was designed to balance the interests of consumers and debt collectors. *Id.* at 776.

**WHEREFORE**, Plaintiff, FREDDY ANGUIANO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate Sections 1692e and e(2) of the FDCPA;

    b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c. Awarding Class Members statutory damages;

d.  Awarding the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e.  Awarding any other relief as the Honorable Court deems just and proper.

### Count II – Violations of §1788.17 of the RFDCPA
**(On behalf of Plaintiff, individually, and the Members of the Putative Class)**

51. Plaintiff restates and incorporates all paragraphs as if fully set forth herein.

52. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the FDCPA], inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

53. As stated above, Defendant violated 15 U.S.C. §§ 1692e and e(10), therefore violating Cal. Civ. Code § 1788.17.

**WHEREFORE**, Plaintiff, FREDDY ANGUIANO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the RFDCPA;

b.  Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying RFDCPA violations;

c.  Awarding Class Members statutory damages;

d.  Awarding the Plaintiff costs and reasonable attorney fees; and

e.  Awarding any other relief as the Honorable Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Case 1:20-cv-00434-NONE-BAM   Document 1   Filed 03/25/20   Page 10 of 10

| | | |
|---|---|---|
| 1 | DATED: March 25, 2020 | Respectfully submitted, |
| 2 | | FREDDY ANGUIANO |
| 3 | | By: */s/ Nicholas M. Wajda* |
| 4 | | |
| 5 | | Nicholas M. Wajda<br>**WAJDA LAW GROUP, APC** |
| 6 | | 6167 Bristol Parkway<br>Suite 200 |
| 7 | | Culver City, California 90230<br>+1 310-997-0471 |
| 8 | | nick@wajdalawgroup.com |